IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 11-cv-00394-PAB-BNB

RUSSELL ERICKSON,

Plaintiff,

v.

THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, an Indiana insurance company,
AXCERA WELFARE BENEFIT PLAN, an ERISA welfare benefit plan, and
AXCERA, LLC, a Delaware limited liability company,

Defendants.

_____

**ORDER**
_____

This matter arises on the following:

(1)     Plaintiff's **Motion to Vacate Order Denying as Abandoned Plaintiff's Motion to Clarify Plaintiff's Right to Conduct Discovery** [Doc. # 46, filed 10/7/2011] (the "Motion to Vacate"); and

(2)     Plaintiff's **Motion to Clarify Plaintiff's Right to Conduct Discovery** [Doc. # 34, filed 9/12/2011] (the "Motion for Discovery").

I previously denied the Motion for Discovery because plaintiff's counsel failed to appear at the hearing on the motion.  See Order [Doc. # 45].  The Motion to Vacate that Order, which is unopposed, see Notification [Doc. # 48], argues that the plaintiff did not intend to abandon the Motion for Discovery and that his counsel failed to appear at the hearing through excusable neglect.  I agree, and the Motion to Vacate [Doc. # 46] is GRANTED.

The Motion for Discovery seeks an order allowing the plaintiff to conduct limited discovery in this action for long term disability benefits brought under the Employee Retirement Income Security Act of 1974 ("ERISA").  Discovery in ERISA cases like this one generally is limited.  In particular, discovery normally is not allowed to supplement the administrative record "with substantive evidence of [the claimant's] eligibility for benefits. . . ." Murphy v. Deloitte & Touche Group Ins., 619 F.3d. 1151, 1158 (10th Cir. 2010).  As the circuit court noted, "a general prohibition on extra-record supplementation makes sense" in this context because:

> ERISA policy strongly disfavors expanding the record beyond that which was available to the plan administrator and supplemental evidence should not be used to take a second bite at the apple, but only when necessary to enable the court to understand and evaluate the decision under review.

Id. at 1059 (internal quotations and citation omitted).

That does not mean that discovery is not allowed for any purpose in ERISA cases, however.  Id. at 1162.  Limited discovery may be appropriate on the issues of (1) whether the entire administrative record has been provided to the court; (2) the administrator's dual role conflict of interest; and (3) corruption or procedural irregularities in connection with the administrator's review of the record or decision.  See, e.g., Carberry v. Metropolitan Life Ins. Co., 2010 WL 1435543 *3 (D. Colo. April 9, 2010).  Even in these limited areas where discovery may be allowed, however, it may not be unnecessarily broad so as to slow the efficient resolution of the claim.  Murphy 619 F.3d at 1162-63 (declaring that discovery is never "a license to engage in an unwieldy, burdensome, and speculative fishing expedition").

I have reviewed the written discovery proposed by the plaintiff to be taken, and with one exception I find that it is narrowly tailored to issues about which discovery is permitted; is not

unnecessarily broad so as to slow the efficient resolution of the claim; and does not constitute a "speculative fishing expedition." With the exception of those parts of Production Request No. 4 to Axcera and Production Request No. 12 to Lincoln National which call for the production of "every document exchanged between Axcera and Lincoln regarding . . . any and all claims made under the policy," the written discovery is proper and will be allowed.

The plaintiff also requests an order "clarifying Plaintiff's entitlement to conduct depositions of the corporate designees pursuant to Rule 30(b)(6), the individuals involved in the termination of Plaintiff's claim, and the physicians who reviewed the claim on Lincoln's behalf." No adequate showing of a need to take depositions has been made and, to the contrary, the request for depositions appears to be unnecessarily broad and will slow the efficient resolution of the claim.

IT IS ORDERED:

(1)     The Motion to Vacate [Doc. # 46] is GRANTED;

(2)     The Motion for Discovery [Doc. # 34] is GRANTED IN PART and DENIED IN PART as follows:

• GRANTED to allow all of the proposed written discovery except those parts of Production Request No. 4 to Axcera and Production Request No. 12 to Lincoln National which call for the production of "every document exchanged between Axcera and Lincoln regarding . . . any and all claims made under the policy";

• DENIED with respect to those parts of Production Request No. 4 to Axcera and Production Request No. 12 to Lincoln National which call for the production of "every document exchanged between Axcera and Lincoln regarding . . . any and all claims made under the

policy"; and

- DENIED insofar as it seeks leave to take depositions.

Dated October 13, 2011.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge