IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 11-cv-00394-PAB-BNB

RUSSELL ERICKSON,

Plaintiff,

v.

THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, an Indiana insurance company,
AXCERA WELFARE BENEFIT PLAN, an ERISA welfare benefit plan, and
AXCERA, LLC, a Delaware limited liability company,

Defendants.

_____

**ORDER**
_____

This matter arises on **Defendants' Motion for Reconsideration of Order Permitting Discovery** [Doc. # 50, filed 10/25/2011] (the "Motion to Reconsider"), which is DENIED.

Initially, the defendants state:

> Defendants note that they are unable to find Production Request No. 12 directed to Lincoln which, according to the Order, sought "every document exchanged between Axcera and Lincoln regarding . . . any and all claims made under the policy." The production requests propounded on Lincoln were numbered 1 through 11 and did not contain the request noted by the Court.

Motion to Reconsider [Doc. # 50] at p. 2.

The plaintiff attached two exhibits to his Motion to Clarify Plaintiff's Right to Conduct Discovery [Doc. 34] (the "Motion for Discovery"). Those exhibits are denoted in the court's file as Doc. ## 34-1 and 34-2. In his Motion for Discovery, the plaintiff stated that he "respectfully requests this court order Defendant to respond to the interrogatories and requests for production attached hereto as **Exhibits 1** and **2**." Motion for Discovery [Doc. # 34] at p. 4. Exhibit 2 [Doc.

# 34-2] is captioned "Plaintiff's First Set of Interrogatories and Requests for Production for Defendant Lincoln National Life Insurance Company" (the "Discovery Requests to Lincoln"); is 12 pages in length; and includes 13 requests for production. Discovery Requests to Lincoln [Doc. # 34-2] at pp. 9-11. The production request numbered 12 states:

> 12. Please provide a copy of each and every document exchanged between Axcera and Lincoln regarding the purchase of the LTD policy, underwriting of the plan, premium payments, and any and all claims made under the policy.

Id. at p. 11.

Next, the defendants argue that no discovery should be allowed against Axcera. According to the defendants, "[i]n ERISA cases, the only discovery that may be permitted is that directed to the claim administrator's potential 'dual role' with respect to Plaintiff's claim," citing Murphy v. Deloitte & Touche Ins. Group, 619 F.3d 1151 (10th Cir. 2010). Motion to Reconsider [Doc. # 50] at p. 3. The defendants continue: "Here, Axcera did not act as claims administrator and did not occupy a 'dual role' with respect to Plaintiff's claim." Id.

Axcera was added as a defendant in the case in response Lincoln's defense that Axcera failed to pay the full premium amount required to obtain the long term disability coverage promised. In response to defendants' argument in their Motion to Reconsider, the plaintiff has stated that he will seek leave to amend his complaint to add a claim against Axcera for breach of fiduciary duty. Response [Doc. # 53] at pp. 5-6. The asserted discovery is relevant to the anticipated fiduciary duty claim. In any event, whether Axcera paid the required premium is relevant to the determination of the existing claim against the defendants; is not known to the plaintiff; and can only be obtained through discovery directed towards the defendants. Murphy recognizes the propriety of limited discovery, that is not for the purpose of supplementing the

record with substantive evidence concerning the alleged disability, and that seeks necessary evidence to which the claimant does not otherwise have access. Murphy, 619 F.3d at 1158.

The defendants also argue that "the Court may not have fully considered the burden that many of Plaintiff's discovery requests would cause Defendants." Motion to Reconsider [Doc. # 50] at p. 4. First, the defendants state that "there is no need to conduct discovery on the issue of financial incentives; Lincoln does not reward any of its employees for denying claims and Lincoln has taken affirmative measures to wall off the decision-makers from the financial departments." Id. The plaintiff is allowed to test the accuracy of these assertions through discovery. Murphy, 619 F.3d at 1158.

The defendants also point to the requests for personnel files as improperly burdensome and invasive. I do not agree that the production is burdensome, and no evidence of the burden is presented. To the contrary, experience teaches that the plaintiff is correct when he argues that certainly "Lincoln maintains employee files which could easily be reproduced." Response [Doc. # 53] at p. 3. Protection of any confidential information contained within the personnel files may adequately be addressed, if necessary, through a blanket protective order. See Denver Policemen's Protective Ass'n v. Lichtenstein, 660 F.2d 432, 435-37 (10th Cir. 1981).

The defendants argue that a response to Production Request No. 1--seeking "all documents which reflect or contain studies, reports, analyses, summaries, or compilations concerning the outcome of any challenges by insureds or plan participants during the last ten years to Defendant Lincoln's claims determinations under the long term disability policies"-- would be unreasonably burdensome. Motion to Reconsider [Doc. # 50] at p. 5. Again, no

evidence of the asserted burden is presented,[1] and I agree with the plaintiff that "[s]urely []
Lincoln is aware whether or not it has conducted analyses regarding outcomes of disability
claims. . . ." Response [Doc. # 53] at p. 3.

The defendants claim undue burden with respect to Interrogatory No. 9, which "asks how many times in a four-year period Dr. Scalone, a reviewing physician retained by Lincoln, 'determined the individual was disabled.'" Motion to Reconsider [Doc. # 50] at p. 6. No evidence of the claimed undue burden is presented. This request goes directly to the issues of conflict of interest and corruption or procedural irregularities in connection with the administrator's review--areas which have been held to be appropriate for discovery in ERISA cases. See , e.g., Carberry v. Metropolitan Life Ins. Co., 2010 WL 1435543 at **2-3 (D. Colo. April 9, 2010)(noting that evidence of the systemic bias of a reviewing doctor "may go far beyond any one case [and] cannot be derived from a particular administrative record"). And, as the plaintiff argues in his response:

> It is not unreasonable to assume Lincoln would maintain some sort of tracking system in which it could easily identify the cases in which Dr. Scalone completed a review and the result of those claims. If not, it certainly could; Plaintiff should not be penalized because Lincoln does not choose to track its cases in this manner.

Response [Doc. # 53] at p. 3.

The defendants' assertion that they "were not given the opportunity to be heard," Motion to Reconsider [Doc. # 50] at p. 6, is wrong. Although it is true that the hearing on the plaintiff's

---

[1] To the contrary, the best the defendants do is to assert that "[i]t is **likely** that compiling a response to this request would require a substantial amount of time and effort. . . ." Motion to Reconsider [Doc. # 50] at p. 5 (emphasis added). This is not an adequate showing of undue burden.

Motion for Discovery did not occur because plaintiff's counsel failed to appear, see Order [Doc. # 45], the defendants were allowed to, and did, file a brief in opposition to the Motion for Discovery.   Memorandum In Opposition [Doc. # 42].  The opposition brief was a good one and fully presenting the defendants' position, although I ultimately ruled to the contrary.  Local rule of practice 7.1G, D.C.COLO.LCivR, specifically provides that a motion "may be decided on the papers," which is what I did here.

IT IS ORDERED that the Motion to Reconsider [Doc. # 50] is DENIED.

Dated November 9, 2011.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge